UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL HOOTSTEIN,

     Plaintiff,

     v.

TOWN OF SHUTESBURY,
POLICE CHIEF KRISTIN BURGESS
& MARY ANNE ANTONELLIS,
in their individual and official capacities,

     Defendants.

CIVIL ACTION NO. 3:23-30057-MGM

MEMORANDUM AND ORDER ON
THE PLAINTIFF'S MOTION FOR 1) RECONSIDERATION;
2) REASONABLE ACCOMMODATIONS TO ENSURE HIS CLAIMS ARE FAIRLY HEARD;
AND 3) FOR ENTRY OF JUDGMENT ON FINAL ORDERS UNDER RULE 54(b)
THAT ARE CLEARLY ERRONEOUS AND MANIFESTLY UNJUST (#129)

KELLEY, U.S.M.J.

I. Introduction and Background.

Mr. Hootstein ("the Plaintiff"), proceeding pro se, brought suit against the Town of Shutesbury, asserting claims pursuant to 42 U.S.C. § 1983 for retaliation for the exercise of his First Amendment rights (Count I), violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution (Count II), and a claim asserting *Monell* liability against the Town of Shutesbury (Count III). In addition, he brought a pendant state law claim under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12 § 11I ("MCRA") (Count IV), a claim for intentional infliction of emotional distress ("IIED") (Count V), and a free-standing claim for punitive damages (Count VI). (#1.) The Defendants named in the complaint were the Town of Shutesbury, its police chief, Kristin Burgess, and its library director, Mary Anne Antonellis.

The parties consented to Magistrate Judge Robertson's presiding over the case for all

purposes including trial. (#14.) *See* Fed. R. Civ. P. 73; 28 U.S.C. § 636(c). In September 2025, Judge Robertson issued a 17-page order on the Plaintiff's motion for summary judgment (#94), denying it; at the same time, she allowed in part the Defendants' Motion to Strike the Plaintiff's Statement of Material Facts (#109) "insofar as the court has disregarded alleged facts not based on personal knowledge and consisting of inadmissible hearsay, irrelevant and immaterial statements, and statements unsupported by the cited materials." (#126 at 1-2.)

On December 8, 2025, Judge Robertson issued a 42-page order on the Defendants' motion for summary judgment (#104). (#127.) On December 22, 2025, because of Judge Robertson's imminent retirement, the case was reassigned to District Judge Mastroianni. (#128.) On January 6, 2026, the Plaintiff filed this motion for reconsideration of Judge Robertson's rulings on his motion for summary judgment and the Defendants' motion, among other requests, *see* #129; on January 15, 2026, the Defendants filed an opposition. (#130.) On April 27, 2026, Judge Mastroianni referred the Plaintiff's motion to Magistrate Judge Christopher Morgan, who recused himself the same day. (##131, 132.) Judge Mastroianni then referred the case to this court. (#133.)

The facts of this case are set out in painstaking detail in Judge Robertson's order on the Defendants' motion for summary judgment and will not be repeated here. *See* #127 at 3-10. Suffice it to say that a new library was being built in a wooded area in Shutesbury; the Plaintiff complained against the Town and its officials because of what he viewed as hazardous waste dangers, including those associated with the construction of the library; and, among other incidents, the Plaintiff asserts that during one confrontation at the construction site, he was handcuffed and dragged into the woods by Police Chief Burgess. *Id.* at 3, 4-8.

In her order on the Defendants' motion for summary judgment, Judge Robertson granted the motion as to the Plaintiff's claim against Burgess for First Amendment retaliation (Count I),

his Fourth Amendment claim against Antonellis and his due process claim against Antonellis and Burgess (Count II), his *Monell* liability claim (Count III), his MCRA claim (Count IV), and his IIED Claim (Count V). She denied the motion, however, as to the Plaintiff's claim against Antonellis for First Amendment retaliation (Count I) and his Fourth Amendment claim against Burgess (Count II). *Id*. at 1-2.

The Plaintiff moves for reconsideration of Judge Robertson's order allowing the Defendants' motion for summary judgment on the grounds that her ruling was "clearly erroneous and manifestly unjust." (#129 at 2.) The Plaintiff moves for reconsideration of Judge Robertson's orders from September 30, 2025 (#126) denying the Plaintiff's motion for summary judgment and allowing in part the Defendants' motion to strike the Plaintiff's statement of facts on the same grounds: because those orders were "erroneous and manifestly unjust." (#129 at 2.)

The Plaintiff also asks the court to enter final judgment on "each and every 'clearly erroneous and manifestly unjust' order" that Judge Robertson previously issued, under Fed. R. Civ. P. 54. *Id*. at 13-14.

Finally, the Plaintiff argues that

the Court should grant this motion to ensure the newly appointed District Court Judge becomes familiar with the extensive record of the case that is essential to the timely and cost-effective management of pre-trial motion practice and a jury trial fair to the self-represented Plaintiff.

*Id*. at 15.

In other words, the Plaintiff asks Judge Mastroianni to reconsider Judge Robertson's previous rulings because, in doing so, he will have to review the record of this case. *Id*. at 10-11. This request is improper and the court will not consider it further.

3

II. Discussion.

"The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Id*. (citing *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir 2005)).

Here, the Plaintiff has not presented any newly-discovered evidence. Regarding legal mistakes, his motion for reconsideration "d[oes] no more than reiterate the arguments" he advanced earlier, which Judge Robertson properly rejected. *Id.* at 30. After careful review of the record, the court finds no error of law.

Moreover, the court will not enter final judgment on any claims that Judge Robertson dismissed. "Fed. R. Civ. P. 54(b) permits the entry of judgment, and thus an appeal, on fewer than all the claims in a multi-claim action. Yet Rule 54(b) notwithstanding, there is a long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988) (citing *Pahlavi v. Palandjian,* 744 F.2d 902, 903 (1st Cir. 1984)) (additional citations omitted).

"The process [of deciding whether to permit the entry of judgment], tilted from the start against fragmentation of appeals, is necessarily case-specific. It entails an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances." *Id*. at 43. "The court must balance the 'interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims,' as well as 'any equities and efficiencies

4

implicated by the requested piecemeal review.'" *Delong v. Bigio,* Civil Action No. 17-11783-PBS, 2020 WL 13827069, at *4 (D. Mass. Sept. 25, 2020) (quoting *Niemic v. Galas*, 286 Fed. Appx. 738, 739 (1st Cir. 2008)).

The Plaintiff meets the first part of the test for applying Rule 54(b), namely, that the disputed ruling is final, *see Spiegel*, 843 F.2d at 42-44; however, all other factors weigh in favor of denying his motion. The parties, facts, and legal framework between the dismissed claims and the remaining claims are substantially the same. *See id.* at 45. Moreover, the Plaintiff has not "establish[ed] a compelling reason for accelerated appellate review"; there will not be any "'grave injustice'" or "'dire hardship'" if the Plaintiff has to wait for the case to be resolved before taking an appeal. *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 29 (1st Cir. 2022) (quoting *Spiegel*, 843 F.2d at 45-46). In short, there is no "compelling reason for accelerated appellate review" in this case. *Id*. at 29; *see Galdos-Shapiro v. The Town of Great Barrington, et al*., Civil Action No. 3:24-30070-MGM, Docket No. 75 (denying defendant's motion for entry of separate and final judgment because even though all claims were dismissed against the specific defendant, it was not "the exceptional case in which separate final judgments … are appropriate"). This court perceives no reason to permit the Plaintiff to appeal Judge Robertson's orders until the case is finally resolved before Judge Mastroianni.

III. Conclusion.

For the above reasons, the Plaintiff's motion is denied in its entirety.


June 25, 2026                                              /s/ M. Page Kelley
                                                          M. Page Kelley
                                                          United States Magistrate Judge